UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| WILLIAM A. GRAVES, JR. | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 4:09-cv-43 |
| | ) | Mattice |
| SHERIFF MURRAY BLACKWELDER | ) | |
| Defendant. | ) | |

## MEMORANDUM

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion to dismiss filed by the defendant. Plaintiff has not filed a response to the motion to dismiss and the court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss will be **GRANTED** and this action **DISMISSED**.

I.  Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be

regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II.   Factual Background

Plaintiff filed this action during his confinement in the Lincoln County Jail; he has since been released from custody. The defendant is Lincoln County Sheriff Murray Blackwelder.[1] Plaintiff alleges that, because of overcrowding in the cell block, he had to sleep on a mat on the floor from the time he was placed in Block C of the Lincoln County Jail until approximately thirty days later when he was able to get a rack. According to plaintiff, it was painful because of two steel rods implanted in his neck. He also complains that it was cold in the cell block. Plaintiff further alleges that on two occasions his legal mail was opened outside his presence and without his consent. The defendant moves to dismiss the complaint for failure to state a claim against him.

---

[1] The "Lincoln County Jail and Staff" was dismissed as a defendant by the court *sua sponte* because it is not a suable entity under 42 U.S.C. § 1983.

III. Discussion

The defendant contends that the complaint fails to state a claim against him because he is mentioned only in the caption of the case as a defendant and his name does not appear in plaintiff's statement of claim. With respect to plaintiff's allegation that his legal mail was improperly opened, the defendant is correct. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

With respect to plaintiff's claims of overcrowding and lack of heat in his cell block, however, under Tennessee law the sheriff has the custody and charge of all prisoners confined in the county jail, and has the specific duty to furnish prisoners with adequate bedding, toiletries and cleanliness. Tenn. Code. Ann. §§ 41-4-101, -109, -111. Nevertheless, plaintiff did not state in his complaint whether the defendant was sued in his official capacity or his individual capacity. Accordingly, the court must presume that the defendant has been sued in his official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). "Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of

3

law, defendants are deemed sued in their official capacities." *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (citations omitted).

Because the defendant has been sued only in his official capacity as Sheriff of Lincoln County, the court must proceed as if plaintiff has in fact sued Lincoln County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). "Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity." *Soper*, 195 F.3d at 853.

Given that, in order to prevail plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Lincoln County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989). Plaintiff did not allege that the violation of his rights was the result of any policy or custom on the part of the county. Accordingly, the defendant is entitled to judgment as a matter of law and his motion to dismiss will be granted for that reason.

IV. Conclusion

The defendant's motion to dismiss will be **GRANTED** and this action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken

4

in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

                                            */s/Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                            UNITED STATES DISTRICT JUDGE